United States Court of Appeals

For the Eighth Circuit

———————————————

No. 17-3521

———————————————

United States of America

*Plaintiff - Appellee*

v.

Dale McCoy, also known as Jake

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

——————————

Submitted: October 15, 2018
Filed: January 29, 2019
[Unpublished]

——————————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Dale McCoy pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of pure (actual) methamphetamine following a prior felony controlled substance conviction, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), 846, and 851. The district court[1] sentenced McCoy to 327 months' imprisonment, a sentence at the top of the advisory sentencing range under the U.S. Sentencing Guidelines (Guidelines). McCoy argues that his sentence is substantively unreasonable in light of his troubled childhood, his mental health issues, his drug addiction, and his age.

We find no abuse of discretion in the district court's sentencing decision. See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review). Against the mitigating factors listed above, the district court weighed the "particularly aggravating . . . set of circumstances" involved in this case, including McCoy's possession of a handgun in connection with methamphetamine distribution and his use and manufacture of methamphetamine after he was released from state custody. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). Moreover, the district court's finding that McCoy presents an "extremely high risk to recidivate" is supported by McCoy's lengthy criminal history, particularly his three state felony convictions related to methamphetamine distribution and his failure to refrain from criminal activity while on state probation or parole. Although McCoy contends that the district court ignored his arguments related to recidivism and to the long-term consequences suffered by victims of childhood abuse, we are satisfied that the district court adequately explained its decision to impose a Guidelines-range sentence. See Rita v. United States, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); United States v. Straw, 616 F.3d 737, 743 (8th Cir. 2010) (noting that "[t]he district court is not required to address on record every . . . argument set forth by a defendant").

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The sentence is affirmed.

_____